[Filed June 17, 1886.]

## S. P. LEE et al. *v.* ROBERT IMBRIE et al.

Equity—Decree—Nunc pro Tunc Order—Appeal from.—Where a final decree is made in a cause, and long afterward the decree is corrected by a *nunc pro tunc* entry, it seems that the right of appeal of any party affected thereby runs from the entry of the *nunc pro tunc* order.

Corporations—Insolvency—Liability of Stockholder.—A person subscribed $500 to the capital stock of a corporation, on condition that $10,000 should be subscribed by a fixed date, and such amount was not subscribed within the time, but was soon afterwards. The company was duly organized, and the subscriber was charged with the full amount of his subscription. Five months afterward, without paying anything, he was credited with $400 on his subscription, and agreed to take stock for the balance, and on the next day was elected a director of the company. *Held*, that upon the subsequent insolvency of the company he was liable to a creditor who became such before the date of the credit on his stock, for the full amount of his subscription.

Same—Conditional Subscription.—Where one makes a conditional subscription to the capital stock of a corporation, and the condition is not strictly complied with, if he desires to take advantage of the condition he should promptly require his subscription to be canceled, else he will be deemed to have waived it.

Unpaid Subscriptions—Creditors.—The unpaid subscriptions to stock in a corporation constitute a fund on which its creditors have a right to rely for the payment of their debts.

Multnomah County. Defendant Imbrie appeals. Affirmed.

*Thomas H. Tongue,* for Appellant.

*William Strong* and *W. B. Gilbert,* for Respondent.

Thayer, J. The respondents, as creditors of the Granger Market Company, a corporation formed under the laws of the state of Oregon, commenced a suit in the said Circuit Court against Robert Imbrie, the appellant herein, and others, to recover subscriptions to unpaid capital stock, alleged to have been subscribed for by them in said company. It is alleged in the complaint that

said appellant subscribed for twenty shares of the capital stock of said company, of the amount of twenty-five dollars a share, and aggregating $500. The appellant's defense was, that his subscription was conditional upon the subscription of at least $10,000 of the capital stock by the 1st of May, 1875; that the condition was not complied with; and that when he discovered the failure of the company to comply with the condition, he verbally agreed with the company that his subscription might stand for four shares only of the stock, amounting to $100. The respondents, in their reply to the new matter of defense set out in the answer, claimed that the appellant ought to be precluded from attempting to make any such defense; that by his conduct in the affair he had waived the condition.

The case was referred to Hon. C. B. Bellinger to report the facts and conclusions of law. The referee found against the appellant; found that he was liable upon the subscription for the full amount thereof, less $150, offset in his favor. The Circuit Court entered the decree appealed from upon said report, but the decree first entered was upon stipulation between the attorneys that a *pro forma* decree should be entered against all the defendants in the suit. By an inadvertence, however, the appellant was omitted, and about a year thereafter, upon motion and affidavits on the part of the plaintiff in the suit, an order was made therein that a decree be also entered against the appellant *nunc pro tunc,* which was entered accordingly.

The respondents filed a motion in this court to dismiss the appeal, upon the grounds that the time had elapsed in which to appeal. The motion was argued at the time the appeal was heard, with the understanding that both motion and appeal would be considered together. The Code provides that an appeal to the Supreme Court shall

be taken by serving and filing the notice of appeal within six months from the entry of the judgment or decree appealed from. (Civil Code, sec. 527, subd. 5.) It seems to me that if the party in whose favor a judgment or decree is ordered desires to cut off the right of the adverse party to appeal therefrom, he must attend to it that the judgment or decree is entered, though under the view the court has taken of this case it is not necessary to express· a decided opinion upon that point.

The facts show, as near as we can ascertain them, that the company was organized November, 1874; that about April 1, 1875, the appellant, with others, signed a written promise to take twenty-five shares of the capital stock and pay the par value thereof, provided ten thousand dollars should be subscribed by the 1st of May, 1875. A meeting of the subscribers for stock was held May 1, 1875, but the ten thousand dollars had not then been subscribed. The meeting adjourned until the third day of May, 1875, at which time, the requisite amount of capital stock having been subscribed, the stockholders proceeded to organize and do business on the basis of a capital stock, as indicated in the subscription sheets. It appears from the company's books, that on the fifth day of May, 1875, the appellant was charged in the ledger thereof five hundred dollars for stock. The appellant was elected a director of the company, and served as such director from November 1, 1875, until the dissolution of the corporation in 1877, during which time he was president of the board of directors. In the summer of 1875, the debt in favor of the respondent Lee, and to enforce the payment of which said suit was commenced, was created. Subsequent thereto, and on the thirteenth day of January, 1876, it was put in the form of a note; on the thirtieth day of October, 1875, a credit was entered upon the ·

books of the company by the secretary thereof, in favor of the appellant, for the sum of four hundred dollars.

The appellant, in his testimony before the referee, admitted that he had agreed to take five shares of the capital stock of the company, and it is not pretended that he ever paid any money on account of the four-hundred-dollar credit, or that the company ever received anything therefor. And it is quite evident that the credit was given him in order to reduce his liability for shares of stock to one hundred dollars instead of five hundred, as shown on the books. I have no doubt but that the appellant intended to act honestly in this affair, and had there been no other party than the company interested in it, no complaint could have been made of the change of his liability, where it was done to carry out a previous understanding had with the company. But where a person subscribes for stock in a corporation, under the laws of this state, he not only agrees to pay the corporation the amount of the shares subscribed, but he also becomes bound to its creditors. His liability assumes a double aspect in such cases. The appellant was a subscriber for twenty shares of the capital stock in the Granger Market Company, of the amount of twenty-five dollars a share. It is true that his promise to pay for the same was conditional, and that the condition was not strictly performed. Ten thousand dollars of the stock was not subscribed for on the first day of May, 1875; but he neglected to take advantage of the condition. If he desired to do so, he should have promptly demanded that his name be erased from the subscription paper; instead of that, he allowed himself to be charged upon the books of the company for the full number of shares, and allowed it to remain there for several months, within which time the rights of third persons had intervened. The appellant could not be allowed to occupy any equivo-

cal position in such a matter. It would be very unjust to the creditors of the company to leave the matter optional with him whether he would be a subscriber for stock or not. He should have elected at once to be a stockholder or not one, and if he decided upon the latter course, should have entered a positive disclaimer where the conditions were not performed. The required amount of stock was secured, as I understand, within a very few days after the time in which it was to be subscribed in order to make his subscription binding. He should have had his subscription canceled immediately, if he wanted to take advantage of the condition. Allowing the matter to remain in the condition in which it was, allowing himself to be charged upon the books of the company and debts to accrue against the company, before taking any action towards repudiating his subscription, were acts calculated to ensnare innocent parties. The law will not tolerate any such course, where the rights of third parties would be liable to be jeopardized thereby. The unpaid balance of subscriptions to stock in a corporation is a fund in favor of its creditors, and upon which they have a right to rely for the payment of their debts. The appellant must be deemed to have waived the said condition, in consequence of his conduct in the premises, and to have been indebted in the sum found due by the referee. The decree will therefore be affirmed.