Submitted on motion to dismiss appeal December 14, motion denied December 28, 1926, argued June 23, affirmed July 14, 1927.

## PHILA W. SHEEDY v. H. SHEEDY.

(258 Pac. 184.)

**Appeal and Error—Order Modifying Divorce Decree as to Custody of Minor Children is Final and Appealable.**

1. Appeal from order modifying divorce decree as to custody of minor children will not be dismissed on ground that such order was not final.

### ON THE MERITS.

**Divorce—Courts Held Justified, in Modifying Divorce Decree Giving Each Parent Custody of Child for Six Months of Year, to Give Father Custody During School Year.**

2. Court *held* justified, in modifying divorce decree giving each parent custody of child for six months of year, to allow father to

have custody during school year, where child became of school age after rendition of divorce decree, since such change in conditions made it impracticable and unfair to child to exchange it from one parent to the other every six months.

Divorce, 19 C. J., p. 343, n. 10, 11, p. 344, n. 24, p. 350, n. 38, p. 351, n. 41, p. 360, n. 19, p. 361, n. 36.

From Multnomah: GEORGE R. BAGLEY, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Chas. J. Swindells* and *Mr. Richard Sleight.*

For respondent there was a brief and oral argument by *Mr. Charles M. Hodges.*

ON MOTION TO DISMISS APPEAL.

BELT, J.—1. Defendant moves to dismiss the appeal upon the ground that this court "has no jurisdiction to review this order modifying the original decree for the reason that said order is not final."

On the authority of *McKissick* v. *McKissick,* 93 Or. 644 (174 Pac. 721, 184 Pac. 272), this motion is denied.

ON THE MERITS.

BELT, J.—This is a proceeding involving the custody of minor children. In December, 1921, plaintiff obtained a decree of divorce from defendant. It was therein provided:

" * * that plaintiff and defendant shall jointly have the care and custody of the minor children;. Roy, aged twelve years, Donald, aged four years, but if said parties shall be unable to agree as to the division of the custody of said children, plain-

tiff shall have the custody of one and the defendant the custody of the other and every six months such children shall be exchanged so that each shall have the custody of the other, but the defendant shall pay thirty dollars a month to the plaintiff for the care, custody, nurture, and education of each child during the time such child is in the custody of the plaintiff."

Upon petition of defendant, the above decree, on September 4, 1926, was modified as follows:

"That the plaintiff shall have the care, custody, and control of Roy Sheedy and the defendant shall have the care, custody, and control of Donald W. Sheedy during all of the months of each school year, and the plaintiff shall have the custody and control of Donald W. Sheedy, and the defendant the care, custody, and control of Roy Sheedy during the school vacation months of each year, and each party shall have the right to see and to visit at all reasonable and seasonable times the child in the custody of the other, * * ."

Plaintiff appeals from the order modifying the original decree.

From the time the decree of divorce was rendered in 1921 until the close of the school year in June, 1926, the younger boy, Donald, lived continuously with his father in Portland, Oregon. Defendant has for many years been employed by the S. P. & S. Ry. Co., as local freight agent. He lives with his mother and aunt in a four-room apartment. We take it from the record that he is a man of high standing and of good moral character. The evidence convinces us beyond question that he is very devoted to this boy over whom the controversy has arisen. The older son, Roy, will soon have attained his majority and neither parent seems vitally concerned about his welfare. Plaintiff is also a person

of respectability and no question is raised about her having been a good mother to the boys. In October, 1924, she married O. S. Murphy, owner of the Metropolitan Meat Market in Portland, and now resides with her husband in a modern home in Rose City Park, a high-class residential district. Upon refusal of the mother to surrender possession of Donald after school vacation period in 1926, defendant instituted proceedings to modify the decree.

2. In what way can we best promote the welfare of this boy is the question. No court is called upon to decide a more delicate question nor one fraught with more responsibility. If the court errs in its judgment, it should be borne in mind that it is not responsible for the situation that has arisen. Children are the innocent victims of divorce and, in awarding their custody, no court has yet been wise enough to devise a plan satisfactory to parents who really love them. Donald at time of divorce was only four years of age. Since the rendition of the decree he has become of school age and has been attending school continuously for several years. It is impracticable and unfair to a child to exchange it about from one parent to the other every six months, as provided in the original decree, merely to satisfy their desire for its companionship. We think the change in conditions warranted the court in modifying the decree rendered at time of divorce. The welfare of the child so demanded. A child has the right to the love and protection of both father and mother. That he must be deprived of one or the other is one of the tragedies of divorce. If there is anything in this world which should cause a man and wife to pause when contemplating separation, it is the love of their children.

The trial court conscientiously endeavored to make a just decree in this cause and succeeded in evolving one which we believe will operate for the welfare of the children involved. We see no reason to disturb it. It is not deemed necessary to review at length the evidence.

The order modifying the decree .is therefore affirmed. Each party will pay its costs and disbursements in this and in the lower court.    AFFIRMED.