Argued January 11, reversed January 29, motion to strike appellant's cost bill denied February 19, 1929.

## PHILA W. SHEEDY *v.* H. SHEEDY.

(274 Pac. 316.)

For appellant there was a brief over the name of *Messrs. Hodges & Gray,* with an oral argument by *Mr. C. M. Hodges.*

For respondent there was a brief and oral arguments by *Mr. David E. Lofgren* and *Mr. Charles C. Hall.*

PER CURIAM.—1. Defendant seeks to justify his application to Judge BAGLEY at Hillsboro by Chapter 161, General Laws 1927. We do not think that chapter authorizes a judge of a different district to take

cognizance of an original case pending in another district. Said Chapter 161 was intended to enable a judge who has presided in a district other than his own and has taken the case under advisement to return to his own district and there complete the work. We think that does not apply to a case like the instant one. Here the order modifying the former decree regarding the custody of minor children is in a sense a new case. The order made on a motion to modify a decree regarding the care and custody of minor children is a final order within the meaning of our statute: *Sheedy* v. *Sheedy*, 122 Or. 221 (258 Pac. 184). The jurisdiction of the case remains in the Circuit Court for Multnomah County. Evidently defendant assumed because the Hon. GEORGE BAGLEY had presided at the trial of the divorce suit and had issued the former order modifying the decree as to the custody of the minor child that he retained jurisdiction of the case. The jurisdiction of the case is in the Circuit Court for Multnomah County, not in the judge who presided at the former trials. Judge BAGLEY could, therefore, have only made a valid order citing the parties to appear while he was acting as judge of the Circuit Court for Multnomah County. As judge of the Circuit Court for Multnomah County he could not lawfully require the parties to appear outside of that county.

2. We do not approve, however, of another judge of the Circuit Court for the proper county taking cognizance of the case until Judge BAGLEY has disposed of the pending motion. The motion presented by defendant was filed in the proper court. If the motion had been properly presented to Judge BAGLEY doubtless he would have made proper order in the case remanding it to Multnomah County. He is an ex-

perienced and learned judge. The order was made on the motion *ex parte* and on representation of the attorney without any investigation on Judge BAG-LEY's part. If the matter had been investigated, as it would have been if presented by both parties, we have no doubt that Judge BAGLEY would have properly disposed of it.

3–6. Attention is called to the fact that the decree of this court was rendered on the fourteenth day of July, 1927, affirming the decree appealed from. The mandate upon the decree of this court was entered in the Circuit Court August 13, 1927. Plaintiff's application for modification of the decree was made September 4, 1927. On the eleventh day of October, 1927, the court granted her motion modifying the decree of this court. The application to modify the decree was made twenty-two days after the decree of this court was entered in the court below. In less than two months after this court's decree was entered in the journal of the Circuit Court, the latter court assumed to modify materially the decree of this court. It was the duty of the Circuit Court to carry out the decree of this court until some material change had been made in the situation of the parties. Evidence of that change should have been clear and convincing before the Circuit Court should assume to modify a decree of the Supreme Court. The decree of this court was remanded to the Circuit Court to be carried into effect by the latter court. The law in this state is well settled that a decree designating the custody of minor children is an adjudication and is final. Jurisdiction of the cause is retained so as to enable the court out of its solicitation for the welfare of children to modify that decree

if changing circumstances and conditions require the change for the good of the children: *Wells* v. *Wells-Crawford,* 120 Or. 557 (251 Pac. 907), and authorities there cited.

7. The affidavit supporting the motion of plaintiff for a change in the custody of the boy Donald does not show sufficient change of circumstances to justify a modification of the former decree. That affidavit is principally devoted to an argument against the wisdom of the decree of this court without specifically naming the decree. About the only change mentioned is the change of the residence of defendant from an apartment house to a boarding-house which defendant says in his counter-affidavit was done for the purpose of giving the boy the advantage of piano practice. Even without the explanation, change from an apartment house to a boarding-house for a boy ten years of age is not such a change in conditions as would warrant a modification of a former decree. The affidavit supporting the motion of plaintiff discloses a disposition on her part not to obey the decree of the Circuit Court or of this court. It was only about a year after the decree affirmed by this court was rendered in the Circuit Court that plaintiff applied for the modification of the decree from which this appeal is taken. In that year no material change is named in plaintiff's affidavit.

The order appealed from is reversed and the cause remanded with directions to the Circuit Court to enforce the decree of this court entered in the journal of the Circuit Court for Multnomah County August 13, 1927.                                    REVERSED.