[Civ. No. 6499. Fourth Dist. Sept. 14, 1961.]

JEROME J. O'CONNOR et al., Appellants, v. GRADY SKELTON et al., Respondents.

Jack G. Whitney for Appellants.

Arthur F. H. Wright for Respondents.

GRIFFIN, P. J.—Plaintiffs and appellants brought this action against defendants and respondents for dissolution of a joint venture or partnership and sought partition of real property, for an accounting and money judgment based thereon.

After trial, apparently no separate findings were made and signed. The court entered judgment on August 18, 1960, stating that the court does make, find and declare the parties to be joint possessors of an undivided one-half interest in a hotel. The property was subject to a trust deed with a balance due thereon of $5,159.30. Trustees were appointed to receive

the rents. An accounting was had and, among other things, the court found in the judgment that plaintiffs owed defendants $1,300 and a further sum of $3,984.21, totaling $5,284.21 as a result of the accounting of rents, etc. The judgment likewise stated that the real property could not be partitioned in kind and ordered it sold and appointed a referee to conduct the sale and divide the proceeds as their interests appeared (i.e., an undivided one-half interest therein) after payment from plaintiffs' share of the proceeds of the sum of the balance due on the trust deed. The referee was to be named by the court by amendment to the judgment, with authority to sell at public auction and report to the court upon confirmation of the sale and to execute a deed thereto. Certain costs were designated to be paid. It then stated that:

". . . this judgment is in the nature of an interlocutory judgment in that the Court reserves to itself jurisdiction to supplement or add to the same such further provisions as may be necessary to effect the sale of said property in partition."

On August 30, 1960, plaintiffs gave notice that they intended to move to vacate and set aside the judgment and seek relief under Code of Civil Procedure, sections 657 and 663, and to grant a new trial on certain stated grounds including insufficiency of the evidence to justify the judgment and by reason of the fact that in the accounting and computation of the amounts to be charged against plaintiffs, sums of money in excess of $5,000 to which plaintiffs were entitled and which were overlooked or not considered as proper credits.

On the motion for a new trial and motion, under Code of Civil Procedure, section 663, *supra,* the court, on October 27, 1960, entered a minute order denying the new trial but modifying the judgment.

On October 28, 1960, the court signed and entered a written "modification and amendment to judgment" reciting that: "The Plaintiffs' motion for a new trial and/or for relief under the provisions of section 663 of the Code of Civil Procedure came on regularly to be heard . . ." and the court found that "an error in accounting had been made at the time of the rendition of the original judgment herein in the amount of $4250.00, Plaintiffs being entitled to a credit in that amount upon what they owe to Defendants, and that Plaintiffs are entitled to have relief under the provisions of section 663 of the Code of Civil Procedure."

It then ordered such portion of the original judgment

awarding defendants $5,284.21 vacated and set aside and in place thereof substituted an amendment that defendants have judgment against plaintiffs for only $1,034.21. The judgment recited that: ". . . except for the foregoing change, said original judgment shall stand as heretofore written; and Plaintiffs' motion for a new trial, except as aforesaid, is denied."

No appeal was taken from the judgment as entered on August 18, 1960. On December 27, 1960, plaintiffs appealed from the "judgment" entered on October 28, 1960, and from "the whole of said judgment." Motion to dismiss the appeal was presented to this court.

The record is not clear whether the trial court modified or amended the former judgment as a result of or under its powers to amend a judgment on a motion for new trial under Code of Civil Procedure, sections 657 and 662, or under sections 663 and 663a. It denied the new trial but did not directly dispose of the other motion either by granting it or denying it. Code of Civil Procedure, section 663, *supra,* recites that a judgment, when based upon findings of fact, may, upon motion by the party aggrieved, be set aside and vacated and another or different judgment entered when there were incorrect or erroneous conclusions of law not supported by the findings. Code of Civil Procedure, section 632, requires that the facts found and conclusions of law must be separately stated. It also provides for a waiver of them. In the instant case, the record rather indicates that there was a waiver of findings and conclusions and an agreement to enter only a judgment establishing the rights of the respective parties. Those sections appear to be inapplicable here under the facts stated. (*Rounds* v. *Dippolito,* 94 Cal.App.2d 412 [210 P.2d 893].)

We will therefore assume that the judgment was modified and amended under the motion for new trial. Code of Civil Procedure, section 662, provides for such modification in whole or in part, and that any judgment thereafter entered shall be subject to the provisions of Code of Civil Procedure, sections 657 and 659. ▮▮ *Rutledge* v. *Rutledge,* 119 Cal. App.2d 112, 113 [259 P.2d 78], holds that:

"The rule is established that where an amended judgment is entered after proceedings on a motion for a new trial and pursuant to the provisions of section 662 of the Code of Civil Procedure, which second judgment is a material departure from the first one entered, an appeal lies *solely* from the second judgment, the first judgment thus being nonappealable." (Citing *California Machinery etc. Co.* v. *University City Syn-*

*dicate, Inc.,* 3 Cal.App.2d 425, 428 [3] [39 P.2d 853]; *Robinson* v. *Fidelity & Deposit Co.,* 5 Cal.App.2d 241, 242 [1] [42 P.2d 653]; *Replogle* v. *Ray,* 48 Cal.App.2d 291, 293 et seq. [119 P.2d 980]; *George* v. *Bekins Van & Storage Co.,* 83 Cal.App.2d 478, 480 [1] [189 P.2d 301].)

On its face, the judgment appears to be interlocutory in some respects and a material departure from the first judgment entered. When the court avails itself of this section for the purpose of modifying the judgment, the effect is a denial of the motion for new trial. (*Estate of Perkins,* 21 Cal.2d 561 [134 P.2d 231].) In *Western Electroplating Co.* v. *Henness,* 172 Cal.App.2d 278, 279 [341 P.2d 718], it was held that where several counts are involved between the same parties, there cannot be a piecemeal disposition, with a separate judgment each time one is disposed of; the errors must be reviewed on a single appeal from the final judgment; and that the fact that multiple causes of action are based on different substantive rights does not ordinarily prevent the rule from applying that no final judgment can be given until final disposition of all the counts is made. In *Pacific Home* v. *County of Los Angeles,* 41 Cal.2d 855, 858 [264 P.2d 544], it was held that the new judgment entered superseded the former judgment and that defendants' appeal from the superseded judgment "is therefore a nullity and will be dismissed." There, a precautionary appeal was taken from the original judgment and also from the subsequent judgment rendered after denying a motion for a new trial.

 It is true that an amendment to correct a clerical error leaves the original judgment otherwise effective and unimpaired and such an amendment does not operate as a new judgment or decree from which a new appeal may be taken and does not ordinarily lengthen the time for appeal. (*McConville* v. *Superior Court,* 78 Cal.App. 203 [248 P. 553].) However, the error here referred to was not a clerical error but involves a change which materially affects the judgment and the rights of the parties against whom it is rendered and involves the exercise of judicial discretion amounting to a new judgment.

Notice of appeal from the last judgment here entered, as amended, was filed December 27, 1960, and within 60 days from its entry on October 28, 1960.

Motion to dismiss appeal denied.

Shepard, J., and Coughlin, J., concurred.