Submitted on briefs July 19, affirmed September 13, 1977

ENSLEY-KOEBEL, *Plaintiff,*

*v.*

NATIONAL GUARANTY PROPERTIES, INC. et al,
*Defendants,*

ROUNDS et ux, *Appellants,*

RAINIER MORTGAGE COMPANY, *Respondent,*

J. K. GILL CO., LTD., *Intervenor.*

(No. 45307, SC 24805)

568 P2d 655

Wesley R. Rounds and Joan E. Rounds filed a brief in propria personae for appellants.

Robert T. Scott of Scott & Norman, Albany, filed a brief for Continental Consultants, Inc., assignee of respondent Rainier Mortgage Company.

TONGUE, J.

**TONGUE, J.**

This appeal challenges the validity of an order setting aside a judicial sale.

This proceeding started as a suit to foreclose a mechanic's lien. In the course of the proceeding Continental Consultants, Inc., the holder by assignment of a second mortgage, sought by answer and cross-complaint to have it foreclosed. That cross-complaint for foreclosure, as prepared by Continental's Washington counsel, alleged that the mortgage was a mortgage on real property to secure a note for $75,000, attached a copy of the mortgage, which described two parcels of real property as the property subject to that mortgage, and prayed for a decree of foreclosure and sale of "the property covered thereby."

Defendants Rounds, owners of the real property, filed a general denial to that cross-complaint. Continental then filed a motion for summary judgment (also prepared by Washington counsel), supported by the affidavit of its president, which again attached a copy of the mortgage. That copy, however, included an additional page which was not included in the copy attached to the original complaint and which, by its terms, granted to the mortgagee a security interest in "all personal property * * * now or hereafter placed in or affixed to the herein described real estate * * * including all equipment of every kind * * *."

Judgment was then entered on April 30, 1976, in favor of Continental in the sum of $135,969.43 (representing the total amount due not only under the note secured by the mortgage, but under other liens assigned to Continental), together with a decree of foreclosure describing the same two parcels of real property, but making no reference to the personal property. A writ of execution was then entered directing the sheriff to sell that real property. Such a sale was then held on July 7, 1976, and Continental bid in the property for $143,958.77, which apparently represented the amount of its judgment, with interest. No

order confirming that sale has been entered as provided by ORS 23.490.

On August 9, 1976, Continental filed a motion to modify and amend the decree of foreclosure to include the personal property, based upon the affidavit of its local counsel that "by mistake and inadvertence" the decree as prepared by him referred only to the real property and made no reference to the personal property, as provided by the terms of the mortgage, as recorded in the county records. An affidavit was also filed by Continental's president to the effect that it was his intent to foreclose on both the real and personal property.

A hearing on that motion was then held, at which defendant Wesley R. Rounds, owner of the property, appeared *pro se.* Mr. Rounds did not then deny that such a mistake had been made, as now urged on this appeal, but complained that Continental's president, "instead of paying as he should by all right for $80,000 worth of equipment, now * * * wants to steal it by trying to include it in another sheriff's sale" and that his "partners have cooperated with him so they could take the property instead of paying for the fixtures, and I will have to pay [another creditor] for them if as will happen you let the equipment be included in this particular sale."[1]

The court then allowed the motion of Continental and entered an amended decree on September 15, 1976, holding, among other things, that the mortgage covered both the real and personal property, as described by its terms, foreclosing that mortgage and directing that the interest of defendants Rounds in such real and personal property be sold by the sheriff as provided by law. No appeal has been taken by defendants Rounds from that amended decree.

[1] On this appeal defendants Rounds also contend that the amended decree is invalid because they were not served with the motion to amend the decree. No such contention was made in the trial court, however, and defendant Wesley R. Rounds appeared personally at the hearing on that motion.

On October 13, 1976, Continental moved to set aside the previous sheriff's sale, as made under the original decree. Over objection by defendants Rounds that the previous judgment against him had been satisfied by that sale, the court entered an order setting aside that sheriff's sale. Defendants Rounds, again appearing *pro se,* now appeal from that order.

As previously stated, no appeal was taken from the amended decree of foreclosure which provided for a judicial sale of both the real and personal property. The 30-day period permitted for such an appeal by ORS 19.026 has long since expired. In addition, it would appear that the order setting aside the previous sheriff's sale is not an appealable order, but that any appeal should have been taken from the amended decree.

■ In any event, and regardless of whether the trial court could properly enter an amended foreclosure decree requiring the sale of personal property not included or described in the copy of the mortgage as attached to the original complaint, once that amended decree was entered, the court then had the power to set aside the sale made under the previous decree, particularly in view of the fact that no order had ever been entered confirming that decree.

■ Until an order has been entered confirming a sheriff's sale under a decree foreclosing a mortgage, such a sale can be set aside by the trial court for mistake relating to the property covered by the mortgage. *Cf. Schultz v. Selberg,* 80 Or 668, 675, 157 P 1114 (1916). *See also* ORS 23.490(4) and 47 Am. Jur. 2d, Judicial Sales 431, 441, 446-47, 463, 575, 577, 581, §§ 167, 179, 186, 187, 204, 352, 354, 360 (1969).

■ Furthermore, at the hearing on the motion to amend the decree of foreclosure to include the personal property, based upon the claimed mistake of Continental's attorney, defendants Rounds did not deny that such a mistake had been made and did not complain of the failure to serve them with that motion. Not having

[ 395 ]

made those contentions in the trial court, such contentions cannot properly be made for the first time on appeal. *See Rohner et ux v. Neville,* 230 Or 31, 44-45, 365 P2d 614, 368 P2d 391 (1962).

The judgment and order of the trial court are affirmed.