On appellant's reconsideration filed December 16, reconsideration allowed; former opinion filed November 16, 1983 (65 Or App 569, 672 P2d 61) modified and, as modified, adhered to February 8, reconsideration allowed by order, appeal reinstated April 25, reconsideration denied June 22, petition for review denied July 31, 1984 (297 Or 546) See 73 Or App 144, 698 P2d 495 (1985)

In the Matter of the Marriage of

LAUGHLIN,
*Respondent,*

*and*

LAUGHLIN,
*Petitioner.*

(82-0870; CA A29066)

675 P2d 1112

Mark McCulloch, and Powers & McCulloch, Portland, for the petition.

Before Warden, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

PER CURIAM

## PER CURIAM

In our previous opinion we dismissed the appeal as having been taken too late, because it was taken from an amended decree made after the original decree had become final. We relied on *Junction City Water Control v. Elliott,* 65 Or App 548, 672 P2d 59 (1983), which relied on *Far West Landscaping, Inc. v. Modern Merchandising, Inc.,* 287 Or 653, 601 P2d 1237 (1979). Petitioner contends that *Mullinax and Mullinax,* 292 Or 416, 639 P2d 628 (1982) is the controlling authority. We agree. However, the second decree in this case, which was entered for the purpose of correcting clerical error, neither materially altered the party's rights or obligations nor created a right of appeal where one had not existed before. It merely contained specific values of assets that had been previously divided in the first decree and clarified the terms under which husband must pay wife for her previously established half interest in a certain company. Therefore, it did not extend the time for taking an appeal. *Mullinax and Mullinax, supra,* 292 Or at 430.

Petition for reconsideration allowed. Former opinion modified and, as modified, adhered to.