Argued and submitted November 28, 1988, appeal dismissed January 18, 1989

## STATE OF OREGON,
acting by and through the
Director of Veterans' Affairs,
*Respondent,*

*v.*

## BEVANS et al,
*Appellants.*

(87-01-21359-E; CA A47844)

767 P2d 458

Daniel C. Steelhammer, Bend, argued the cause for appellants. On the brief were Bruce J. Brothers, Jon L. Folkestad and Brothers, Drew & Tiktin, Bend.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds,* Judges.

GRABER, P. J.

* Edmonds, J., *vice* Warden, J., retired.

## GRABER, P. J.

Defendants appeal an order setting aside a sheriff's sale that was held pursuant to a judgment foreclosing a mortgage on their property. They argue that the trial court had the authority to set aside the sheriff's sale only if the record contained evidence of mistake and that the trial court erred when it granted the *ex parte* motion to set aside the sheriff's sale. We hold that the order is not appealable and, therefore, dismiss the appeal.

The State of Oregon, on behalf of the Director of Veterans' Affairs (state), filed this action to foreclose a mortgage on property described in the complaint as containing 3,777 acres. Before trial, the parties[1] reached a settlement agreement, and the court entered a "Stipulated Judgment and Decree of Foreclosure." The judgment describes only a small portion of the property described in the complaint. The notice of sale and all later pleadings used the property description in the judgment rather than that in the complaint.

The sheriff sold the property to state for $232,624.85, which was the full amount due. Before the sale was confirmed, state moved, *ex parte,* to set aside the sheriff's sale on the ground that the judgment and notice of sale incorrectly described the property. The court granted the motion on the same day. Defendants appeal from that order.

Under ORS 19.010(2)(c),[2] an order must be final to be appealable. The final order in a case such as this is the one that confirms or disallows the sheriff's sale, not the one that sets it aside. ORS 23.490(2) and (4). As the court stated in *Ensley-Koebel v. Nat. Guar. Prop.,* 279 Or 391, 395, 568 P2d 655 (1977): "[I]t would appear that the order setting aside the previous Sheriff's sale is not an appealable order * * *."[3]

---

[1] All parties below, including those who are not parties to this appeal, stipulated to the judgment.

[2] ORS 19.010(2) provides, in part:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

[3] In *Ensley-Koebel,* the court went on to reach the merits of the case, apparently because the judgment had been modified and *that* judgment was appealable.

Defendants' appeal is premature.

Appeal dismissed.