Argued and submitted July 11, 1986, affirmed on aggravation claim, reversed on payment for out-of-state chiropractic care and referee's order on that claim reinstated February 25, reconsideration allowed May 20, 1987
See 85 Or App 477, 733 P2d 113 (1987)

In the Matter of the Compensation of
Steve Krajacic, Claimant.
KRAJACIC,
*Petitioner,*

*v.*

BLAZING ORCHARDS et al,
*Respondents.*

(WCB 84-02476; CA A37693)

733 P2d 113

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Malagon & Moore, and Robert J. Guarrasi, Eugene.

John A. Reuling, Jr., Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS J.

## DEITS, J.

Claimant petitions for judicial review of a Workers' Compensation Board order which found that he did not perfect an aggravation claim pursuant to ORS 656.273 and denied payment for out-of-state chiropractic treatment. We affirm on the aggravation claim and reverse on the payment for out-of-state treatment.

Claimant sustained a low back injury in September, 1977. The claim was accepted and classified as nondisabling. Claimant has had ongoing treatment and consultations since 1977. The medical reports indicate that he had a chronic lumbosacral strain.

Claimant relies primarily on two letters from his treating chiropractor, Dr. Rethwill, to establish his aggravation claim. In the first letter of July, 1982, Rethwill stated that he had treated claimant since April and that spinal manipulation relieved his symptoms. Although Rethwill requested authorization for more monthly treatments for claimant, the letter as a whole indicates that the more frequent treatments are to treat continuing symptoms.

In a letter to SAIF on September 14, 1982, ten days before the five-year anniversary of claimant's injury, Rethwill stated:

"Mr. Krajacek [sic] has come to this office displaying a very apprehensive attitude as to the future of his case. This man has undoubtedly has [sic] sustained a permanent injury. He works quite hard but states that with what he has to do he still tries to take it easy. He does seem to have improved over former conditions but then inevitably after a week or so here he comes again feeling nauseated and with his lower back aching and out of alignment. Sometimes when the pain is worse in the lower back he complains of a headache also.

"* * * * *

"My next step in this case is that he needs to go to a neurosurgeon who is one of the best in the field and if it is alright [sic] with him I am going to recommend that he go to Dr. Campagna in Medford. He needs more help than I can give him to resolve the chronic problem."

Claimant argues that, under *Haret v. SAIF,* 72 Or App 668, 697 P2d 201, *rev den* 299 Or 313 (1985), these reports

were sufficient to state a claim for an aggravation. In *Haret,* the claimant severely wrenched her neck, resulting in problems in her neck and some trouble with her right arm. The referee found no loss of function in the right arm and awarded her permanent partial disability based on loss of function of the cervical spine alone. The claimant had not seen a physician for a year when she went to a neurosurgeon. He reported to SAIF and emphasized the difficulties that the claimant was having with her right arm. We held that the neurosurgeon's report was an aggravation claim putting SAIF on notice to determine if there had been a worsening of the condition.

The requirements for an aggravation claim are not rigorous. However, an indication of a changed condition must be made. *Haret v. SAIF, supra,* 72 Or App at 672. ORS 656.273 provides, in part:

"(1) After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, *for worsened conditions resulting from the original injury.*

"* * * * *

"(3) A physician's report indicating a need for further medical services or additional compensation is a claim for aggravation." (Emphasis supplied.)

As we noted in *Haret,* the purpose of subsection (3) is to allow an aggravation claim to be made by a physician's report which requests additional services. However, "additional services" must be read together with ORS 656.273(1). That provision makes it clear that the additional medical services referred to are for "worsened conditions." While we agree with claimant that the report itself does not need to prove the worsened condition, it must put the insurer on notice that treatment for more than *continuing* conditions is indicated.

We agree with the Board that the required notice was not provided here. When viewed in the context of the ongoing treatment, the reports do not show anything new. Unlike in *Haret,* where the claim indicated an ailment which was different from that for which the claimant had received disability, here, from the time of the injury, claimant's medical reports show treatment for recurrent acute strain of the lower back. Rethwill's statement that claimant's injury is permanent only

indicates a waxing and waning of symptoms of the chronic condition for which he had received an award. His reports stress the ongoing pattern of pain and therapy. The request for a neurosurgeon is for treatment of a "chronic problem." Notice of an aggravation claim must show more than a need for palliative treatment and that requirement was not met here.

SAIF concedes that the Board erred in refusing to pay for out-of-state chiropractic care. *Reynaga v. Northwest Farm Bureau,* 300 Or 255, 709 P2d 1071 (1985).

Affirmed on aggravation claim; reversed on payment for out-of-state chiropractic care, and the referee's order on that claim is reinstated.