On petition for review filed September 30, petition for review allowed, decision of Court of Appeals vacated and case remanded for dismissal December 2, 1987

## MATHEW R. YOUNG,
*Petitioner on Review,*

*v.*

## PETERSON,
*Respondent on Review.*

(TC No. 86-C-10444; CA A43676; SC S34494)

746 P2d 217

Paul G. Crowley and Allen, Stortz, Fox & Susee, Salem, for petitioner for review.

## MEMORANDUM OPINION·

An appeal from a final judgment in this post-conviction case was dismissed by the Court of Appeals on March 17, 1987, for failure to file a timely notice of appeal. Approximately a week later, a document entitled "Amended Findings of Fact, Conclusions of Law and Judgment" was entered. A notice of appeal was filed subsequent to the "amended" judgment and the Court of Appeals affirmed the judgment of the post-conviction court.

Timely filing of the notice of appeal is a jurisdictional requirement for an appeal. ORS 19.033(2)(b). We previously have stated:

> "* * * If the amendment of a final judgment or decree for the purpose of correcting a 'clerical error' either materially alters rights or obligations determined by the prior judgment or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree." *Mullinax and Mullinax,* 292 Or 416, 430, 639 P2d 628 (1982). *See also 1000 Friends of Oregon v. LCDC (Clatsop County),* 301 Or 622, 724 P2d 805 (1986) and *Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979).

We see no reason why this rule should not be applied regardless of the type of case involved.

A comparison of the "amended" judgment and the original judgment in this case reveals the following differences:

1. The "amended" judgment was typed on the stationery of petitioner's attorney. The original judgment was typed on plain, line-numbered paper;

2. The word "amended" was added to the title of the writing;

3. The word "about" was removed from the phrase "about fifteen minutes" at one point in the introductory section;

4. Three typographical errors were corrected;

5. In five separate instances the numeral "7" was added to references to previous paragraphs. This addition makes the references incorrect. The references in the original judgment were correct; and

6. The two judgments bear different dates.

It is clear that the amendments had no effect whatsoever on the rights or obligations of the parties. The "amended" judgment in this case did not therefore postpone the time within which the notice of appeal was required to have been filed. There was no timely filing of a notice of appeal and the Court of Appeals therefore was without jurisdiction to consider the appeal.

The petition for review is allowed. The decision of the Court of Appeals is vacated and the case is remanded for dismissal of the appeal.