Argued and submitted January 29, appeal dismissed December 23, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## DERRICK DUANE DAHL,
*Appellant.*

## (CC84-919; CA A39196)

747 P2d 358

John P. Daugirda, Deputy Public Defender, Salem, argued

the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for robbery in the first degree, robbery in the second degree and two counts of attempted burglary in the first degree. We conclude that the appeal is untimely and dismiss it.

It is necessary to detail the post-verdict proceedings in order to determine the issue of our jurisdiction. The jury returned its verdicts on July 19, 1985, and a judgment was signed and entered in the register on December 30, 1985. Defendant filed a motion for new trial on January 6, 1986, within the time allowed by ORS 136.535. The court held a hearing on the motion on January 23, 1986, and an order denying it was signed and entered in the register on February 11, 1986. Defendant, on March 5, 1986, filed a written motion to amend the judgment, which reflected separate convictions but imposed a sentence on only one charge. Defendant argued in the motion that the convictions should be "merged" into one conviction. The court signed and entered an order purporting to amend the original judgment on March 11, 1986. Defendant filed his notice of appeal on March 13, 1986, "from the amended judgment" and included the original judgment and the order amending it.

■ ORS 138.071(2) provides:

"If a motion for new trial or motion in arrest of judgment is served and filed the notice of appeal shall be served and filed 30 days from the earlier of the following dates:

"(a) The date of entry of the order disposing of the motion; or

"(b) The date on which the motion is deemed denied, as provided in ORS 136.535."

A motion for new trial is deemed denied "20 days after the time of the entry of the judgment." ORS 136.535(3). The judgment was entered on December 30, 1985, and, consequently, the motion for new trial was deemed denied on January 19, 1986. The notice of appeal was not filed within 30 days of that date and, consequently, the December 30, 1985, judgment became final on February 18, 1986.

■ The order purporting to amend the judgment was for the purpose of conforming the judgment to the original oral ruling of the court regarding the number of *convictions* to be

entered against defendant. The amendment did not give defendant additional time to appeal the original judgment. *1000 Friends of Oregon v. LCDC (Clatsop Co.),* 301 Or 622, 724 P2d 805 (1986); *Mullinax and Mullinax,* 292 Or 416, 639 P2d 628 (1982); *see Young v. Peterson,* 304 Or 421, 746 P2d 217 (1987).

Appeal dismissed.