Argued and submitted March 25, 1987, reversed as to determination that letter was not aggravation claim, otherwise affirmed February 10, 1988

In the Matter of the Compensation of
Antonio S. Avalos, Claimant.

AVALOS,
*Petitioner,*

*v.*

BOWYER et al,
*Respondents.*

(WCB 84-04390; CA A40155)

749 P2d 1224

Quintin B. Estell, Salem, argued the cause and filed the brief for petitioner.

Chess Trethewy, Salem, argued the cause for respondents. On the brief were Paul J. De Muniz, Gerald L. Warren, and Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of a Workers' Compensation Board order denying his claim for permanent partial disability (PPD) and holding that his letter of January 29, 1984, to insurer was not an aggravation claim. We affirm the Board's denial of PPD but reverse its conclusion that the letter was not an aggravation claim. However, we also hold that claimant is not entitled to temporary total disability benefits (TTD) retroactively to the date of the letter.

Claimant sustained a compensable injury to his left knee. He was treated the next day for knee pain by a chiropractor, who diagnosed a sprain of the medial meniscus. He was treated later by an orthopedic surgeon, who diagnosed a compression injury and prescribed physical therapy. She declared his condition stationary on December 2, 1983, and released him to work without limitation. By a determination order, claimant was awarded TTD from September 8 through December 2, 1983, but no PPD.

Claimant moved to California, and on January 29, 1984, he sent a letter to insurer stating that he could not work, because his knee hurt. Insurer responded on February 13 with the name of a California physician that it had selected to treat claimant. Insurer wrote to the physician on three occasions asking for reports on claimant. On June 4, 1984, insurer learned that the physician would not examine claimant, because claimant had an attorney who was requesting information from him, and the doctor did not want to be involved with an attorney. On June 12, insurer sent claimant the name of another physician that it had selected. He was examined on June 26 and diagnosed as having left quadriceps atrophy and a torn lateral meniscus. A subsequent arthroscopic examination resulted in the excision of the medial shelf, followed by physical therapy.

On July 2, 1984, insurer received medical verification of claimant's inability to work. It reopened the claim on July 12 and started time loss payments on July 13, retroactive to June 26, the date of the physician's verification of his inability to work. On October 3, claimant was released for full activity without limitation. A November 20 determination order allowed TTD from June 26 through October 3, 1984, but no

PPD. Claimant returned to his California physician on February 28, 1985, complaining of pain. The physician could find nothing wrong with claimant's knee but recommended a knee sleeve and anti-inflammatory medication. Since his last medical examination, claimant has been employed to perform general maintenance, floor mopping and errands. Claimant testified that he has pain in his knee that increases when he walks more than a few blocks on rough ground, runs more than a few steps and kneels or squats.

Claimant argues that the Board erred in affirming the referee's finding that he was not a credible witness. He contends that the referee's finding was unduly based on the language barrier—claimant understood little English and communicated through an interpreter—and his reluctance to answer certain questions. We agree that a credibility finding should not be based on a claimant's language difficulties; however, the referee's credibility finding was not based solely on language difficulties. The record also reflects inconsistencies in his testimony.

Claimant also contends that the Board erred in finding that he was not entitled to PPD. However, the evidence does not establish that he sustained any permanent impairment as a result of his injury. The most recent medical report, dated February 28, 1985, indicated that claimant "is not disabled and needs no further medical treatment." Given claimant's lack of credibility as a witness and the absence of any medical evidence indicating impairment, we agree with the Board's denial of PPD.

Claimant also argues that the Board erred in concluding that his January 29, 1984, letter to insurer was not an aggravation claim and that insurer was not liable for paying TTD retroactively to the date of the letter after receiving medical verification of claimant's inability to work. An aggravation claim must put the insurer on notice that claimant seeks treatment for a worsened condition. *Krajacic v. Blazing Orchards,* 84 Or App 127, 733 P2d 113, *on reconsideration* 85 Or App 477, 737 P2d 617, *remanded for reconsideration on other grounds,* 304 Or 436, 746 P2d 218 (1987). A doctor's report may satisfy the requirement, but it is not necessary. ORS 656.273(3); *Garbutt v. SAIF,* 297 Or 148, 681 P2d 1149 (1984). We conclude that the letter was an aggravation claim.

Although he was experiencing some pain, at the time of the last award of compensation he was not limping, was medically stationary and was able to work. In the January 29 letter, he stated: "[I] am going to get a specialist for my knee, I can't work because it hurts me a lot and it's making me limp." Claimant's letter was sufficient to give notice to insurer that he sought treatment for a worsened condition related to his compensable injury.

■ ■ Although we hold that claimant's letter was an aggravation claim under ORS 656.273, we affirm the Board's determination that insurer is not required to pay TTD retroactively to the date of the letter. A claim for increased disability due to aggravation is compensable for the period during which the claimant is temporarily disabled, although the first payment of compensation is not due until 14 days following receipt of medical verification. ORS 656.273(6); *Silsby v. SAIF*, 39 Or App 555, 562, 592 P2d 1074 (1979). There is no evidence, other than claimant's letter, that claimant was disabled from January 26 until June 26, 1984. His doctor did not indicate that the disabling condition had existed since the time when claimant wrote the letter, nor was there other evidence that claimant was disabled during that period. The fact that he contends that he left work is not, alone, sufficient to meet his burden of proof to show that he was, in fact, unable to work.

■ Claimant's reliance on *Bono v. SAIF*, 298 Or 405, 692 P2d 606 (1984), for his claim of interim compensation is misplaced. At issue in *Bono* was whether a worker who had not demonstrated absence from work was entitled to interim compensation under ORS 656.262(4). As in *Bono*, claimant here did not establish that he was absent from work during the period in question and, therefore, he was not entitled to interim compensation during that time period. Further, *Bono* did not involve an aggravation claim. ORS 656.273(6), which specifically governs the processing of aggravation claims, provides that "the first installment of compensation due under ORS 656.262(4) shall be paid no later than the 14th day after the subject employer has notice or knowledge of medically verified inability to work resulting from the worsened condition." This is in contrast to the general processing requirements of ORS 686.262(4), which provide that compensation is to be paid no later than the 14th day after the employer has

notice. In this case, claimant did not provide medical verification of his inability to work at the time of his aggravation claim; the verification was not given until July 2, 1984.

■ ■ Finally, claimant contends that he is entitled to penalties and attorney fees under ORS 656.262(10) for insurer's unreasonable delay in denying or accepting his claim. Insurer received the aggravation claim on February 3, 1984, but did not reopen the claim until July 12, 1984. Given the uncertainty over whether the letter was in fact an aggravation claim, the insurer's prompt response to the letter with the name of a California physician and its three follow-up letters, we do not find insurer's delay unreasonable. We cannot award penalties, because there was "nothing then due" as required by ORS 656.262(10). Insurer had not received medical verification and was not obligated to pay benefits at that time.

Reversed as to determination that letter was not an aggravation claim; otherwise affirmed.