958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matthew Robert YOUNG, Petitioner-Appellant,
v.
Carl ZENON, Respondent-Appellee.
 No. 91-35526.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1992.
Decided March 27, 1992.
 
 Before K.K. HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Matthew Young brought a state post-conviction relief action raising federal constitutional claims challenging the state court's use of his guilty plea. His claims were denied and Young filed an untimely notice of appeal with the Oregon Court of Appeals. The Oregon Supreme Court ruled that Young was jurisdictionally barred from pursuing his appeal due to this procedural failure. Young v. Peterson, 746 P.2d 217, 218 (D.Or.1987); Or.Rev.Stat. § 19.033(2)(b). The Oregon Supreme Court vacated the earlier court of appeals decision, which had affirmed the denial of Young's post-conviction petition, and remanded with instructions to dismiss the appeal. Young, 746 P.2d at 218.
 
 
 3
 Young then filed this federal habeas petition which the district court addressed on the merits. That court dismissed Young's petition, and Young now appeals.
 
 
 4
 Our review of the present appeal is controlled by Coleman v. Thompson, 111 S.Ct. 2546 (1991), and a long line of Supreme Court precedent in this area of habeas law. In Coleman, the petitioner procedurally defaulted on his state post-conviction appeal by filing a late notice of appeal, as did Young. Coleman, 111 S.Ct. at 2552-53. The Virginia Supreme Court dismissed Coleman's state appeal, as the Oregon Supreme Court did Young's, due to his procedural failure to meet appellate time deadlines. Id.
 
 
 5
 The United States Supreme Court continues to apply "the independent and adequate state ground doctrine ... to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Id. at 2554. Accord Harris v. Reed, 489 U.S. 255, 262 (1989); Murray v. Carrier, 477 U.S. 478, 485-88 (1986); Reed v. Ross, 468 U.S. 1, 11 (1984) ("When a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief...."); Wainwright v. Sykes, 433 U.S. 72, 81-87 (1977). Accordingly, federal courts were barred from considering Coleman's habeas petition. Coleman, 111 S.Ct. at 2568.
 
 
 6
 The Coleman Court stated its holding in these words:
 
 
 7
 We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 8
 Coleman, 111 S.Ct. at 2565.
 
 
 9
 One problem present in Coleman is not an issue here because the Oregon Supreme Court made a "plain statement," Harris, 109 S.Ct. at 1042, that Young's procedural default rested upon an independent state ground. Young, 746 P.2d at 218. Moreover, while the state did not rely on the Coleman issue in its brief, the record shows the state raised Young's procedural default in its answer in the district court; therefore there was no waiver. In any event, we possess the discretion to reach the issue. Cf. Granberry v. Greer, 481 U.S. 129, 133-35 (1987) (under comity and federalism analysis, the Court adopted a middle course of allowing appellate courts to use discretion in hearing exhaustion claims not raised by the state in the district court); Coe v. Thurman, 922 F.2d 528 (9th Cir.1990), supplemental opinion, 922 F.2d at 533 & n. 1 (1991) (court exercised discretion in considering Teague habeas issue first raised by government in its petition for rehearing); Stone v. Godbehere, 894 F.2d 1131, 1135 (9th Cir.1990) (state's failure to raise exhaustion argument may be considered waiver if it would serve interests of comity, federalism, and justice); Brown v. Fauver, 819 F.2d 395, 398 (3d Cir.1987) (proper for the appellate court to raise the issue of exhaustion sua sponte even though the state never raised it).
 
 
 10
 Furthermore, Young fails to demonstrate cause for his default. Even if attorney error were the cause of Young's late notice of appeal, such an error is "constitutionally ineffective, therefore [Young] must bear the risk." Coleman, 111 S.Ct. at 2566 (quotation mark omitted). Young also fails to demonstrate that a miscarriage of justice will occur if federal courts do not review his petition.
 
 
 11
 The district court dismissed Young's petition and we can affirm that decision "on any ground supported by the record." United States v. Hilger, 867 F.2d 566, 567 (9th Cir.1989). Thus, we affirm the dismissal of the petition for a writ of habeas corpus because a federal court is precluded from reviewing such petitions when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." Coleman, 111 S.Ct. at 2565.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3