Argued and submitted September 23, 1998, appeal dismissed April 7, petition for review denied July 20, 1999 (329 Or 126)

STATE OF OREGON,
*Respondent,*

*v.*

JONAH CHRISTOPHERSON,
*Appellant.*

(C96-1587CR; CA A97270)

978 P2d 1039

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Diane L. Alessi, Interim Public Defender.

Jennifer Scott Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

Armstrong, J., dissenting.

---

* Deits, C. J., *vice* Warren, P. J., retired.

**EDMONDS, P. J.**

Defendant appeals his convictions for felon in possession of a firearm, ORS 166.270, two counts of unlawful use of a weapon with a firearm, ORS 166.220, and two counts of menacing, ORS 163.190. On appeal, he assigns as error the trial court's admission of evidence of a defense witness's arrest for hindering prosecution offered to impeach her credibility. We conclude that his appeal is untimely and dismiss it.

After the jury convicted defendant, the trial court entered judgment on his convictions on April 4, 1997. That judgment included the following:

### "MONEY JUDGMENT

"The State of Oregon is the judgment creditor and the defendant, Jonah Lee Christopherson, is the judgment debtor.

"The following shall be paid as part of the Money Judgment:

"1. $ 94.00    Unitary Assessment in Count 1. Pay within one year after release from prison.

"2. $ 94.00    Unitary Assessment in Count 2. Pay within one year after release from prison.

"3. $ 94.00    Unitary Assessment in Count 3. Pay within one year after release from prison.

"4. $ 54.00    Unitary Assessment in Count 4.

"5. $ 54.00    Unitary Assessment in Count 5.

"6. $500.00    ORS Chapter 163 Assessment in Count 4.

"7. $500.00    ORS Chapter 163 Assessment in Count 5.

"8. $325.00    Court Appointed Attorney Fees.

"9. $248.56    Prosecution/Witness Costs.

**"TOTAL MONEY JUDGMENT: $2,017.56"**

However, when added correctly, the total of the money judgments is $1,963.56.

Thereafter, on April 8, 1997, the trial court amended the money judgment section of the April 4 judgment by order.[1] The order amended the judgment by correcting the total of the money judgments.[2] The order also applied the posted security deposit to the obligations specified in the money judgment. The order does not purport to incorporate by reference the other provisions of the judgment. On May 6, 1997, more than 30 days after April 4, 1997, defendant filed his notice of appeal from the amended judgment.[3]

■    ORS 138.071(1) provides:

"Except as provided in subsections (2), (3) and (4) of this section, the notice of appeal shall be served and filed not later than 30 days after the judgment or order appealed from was entered in the register."

The above requirement is jurisdictional. ORS 138.185(2); ORS 19.270(2)(b). Even if a party does not raise a jurisdictional issue, "if we are without jurisdiction to hear [an] appeal, we must dismiss it *sua sponte.*" *Hill v. Oland,* 52 Or App 791, 794, 629 P2d 867 (1981).

■    In *Mullinax and Mullinax,* 292 Or 416, 430, 639 P2d 628 (1982), the Oregon Supreme Court held:

---

[1] The copies of the judgment and the order amending the judgment in the trial court file note only the date of filing. In his brief, defendant asserts that the judgment was entered on April 4, 1997, and the order amending the judgment was entered on April 8, 1997. We accept defendant's statement.

[2] The Order Amending Money Judgment and Applying Security Deposit provides, in part:

"It further appearing that the District Attorney's Office now requests that the Money Judgment total be amended for the reason that there is a mathematical error in the original judgment.

"Therefore, the Money Judgment should be amended as follows:

"**TOTAL MONEY JUDGMENT: $1,963.56**

"Further, the Court being fully advised, it is hereby ORDERED that the security deposit posted in this matter, minus the 15% statutory fee, be applied to the Court ordered financial obligations as specified in the Money Judgment section of the Judgment Order."

[3] The judgment was entered on April 4, 1997. The 30-day period within which defendant could appeal ended on Sunday, May 4, 1997. Thus, defendant had until Monday, May 5, 1997, to file. ORAP 1.25. Defendant filed his notice of appeal on May 6, 1997.

"If the amendment of a final judgment or decree for the purpose of correcting a 'clerical error' either materially alters rights or obligations determined by the prior judgment or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree."

The *Mullinax* court reasoned that a clerical error is one that does not result from the exercise of judicial function and one that could be made by a clerk, attorney or the judge. *Id.* at 423-24. The *Mullinax* rule applies to judgments in criminal cases. *State v. Dahl*, 89 Or App 1, 747 P2d 358 (1987).

In *Mullinax*, the decree was amended for the purpose of correcting a "clerical error" to make the record speak the truth and to conform it to what actually happened. This case involves the amendment of the April 4 judgment to correct a clerical error also: the mathematical error in the calculation of the total money damages. Under *Mullinax*, an amendment to correct a clerical error does not extend the time for appeal unless its effect is (1) materially to alter rights or obligations determined by the prior judgment, or (2) to create a right of appeal, because of the nature of the amendment, where one did not exist before. In this case, defendant had a right under the judgment of convictions to appeal from them, so the second alternative is inapplicable.

■    The issue then reduces to whether the order correcting the total amount of the money judgments and giving defendant credit against the correct total materially altered any obligation on his part. Defendant's obligations under the judgment could never have been greater than the sum total of the individual money judgments appearing in the April 4 judgment. The inclusion of the application of the security deposit to reduce the amount of the judgment in the April 8 order is of no legal import and is fortuitous because it merely provides a means of partial satisfaction of the judgments and does not alter their original amounts. Consequently, the trial

court's April 8 order did not materially alter defendant's obligations under the April 4 judgment, and, accordingly, his time for appeal began to run from the date that the original judgment was entered. Because the filing of defendant's notice of appeal of the judgment was more than 30 days from that date, his appeal must be dismissed for lack of jurisdiction.[4]

Appeal dismissed.

**ARMSTRONG, J.,** dissenting.

The majority concludes that defendant's appeal is untimely because he failed to file his notice of appeal within 30 days of the entry of the original judgment in this case. I disagree with the majority's conclusion and analysis.

The trial court entered the original judgment on April 4, 1997. On April 8, 1997, at the state's request, the court entered an order correcting a mathematical error in the judgment and applying a security deposit to the financial obligation imposed in the judgment. Defendant filed his notice of appeal within 30 days of the amended judgment.

The majority concludes that the corrected judgment merely reflects defendant's true financial obligation and that defendant's obligations under the April 4 judgment "could never have been greater than the sum total of the individual money judgments appearing in [that] judgment." 159 Or App at 432. That conclusion necessarily assumes that the individual amounts listed in the judgment were correct and the final sum incorrect. However, until the court entered the April 8 order correcting the judgment, there was no way to know whether defendant was liable for the amount identified in the April 4 judgment as the **"TOTAL MONEY JUDGMENT"** or for the amount representing the total of the incremental items listed in the judgment. I am unaware of any authority

---

[1] The dissent argues "until the court entered the April 8 order correcting the judgment, there was no way to know whether defendant was liable for the amount identified in the April 4 judgment as the 'TOTAL MONEY JUDGMENT.' " 159 Or App at 433. The short answer to the dissent's complaint is all anyone had to do to discover the correct amount of the total money judgment was to add the individual amounts correctly. Once that occurred, the state could never have collected more than that amount. *See* ORS 138.083.

that establishes that, without a change in the April 4 judgment, the state could not have collected from defendant the $2,017.56 that was listed as the total due under that judgment, rather than the $1,963.56 that represents the amount of the listed constituents of that total, so the correction necessarily ensured that defendant would not be required to pay the greater amount. Although $54 may not seem that great a sum, it is, nevertheless, a material alteration of defendant's obligation determined by the prior judgment. Consequently, consistent with the admonition in *Mullinax and Mullinax*, 292 Or 416, 431, 639 P2d 628 (1982), that, "[i]n a close case such as this, any doubts should be resolved against such a result as would bar the appellant from an appeal[,]" I would hold that defendant filed a timely notice of appeal from the final judgment in this case. Therefore, I respectfully dissent.