Argued and submitted August 19, 2003, reversed and remanded February 25, 2004

In the Matter of the Compensation of
Mark D. Stapleton, Claimant.

LIBERTY NORTHWEST INSURANCE CORPORATION
and Avison Lumber Co.,
*Petitioners,*

*v.*

Mark D. STAPLETON,
*Respondent.*

98-09077; A118300

84 P3d 1116

David O. Wilson argued the cause and filed the briefs for petitioners.

James O. Marsh argued the cause for respondent. With him on the brief was Carney, Buckley, Hays & Marsh.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

█ This workers' compensation case appears before us for the second time. *See Stapleton v. Liberty Northwest Ins. Corp.*, 175 Or App 618, 29 P3d 1174 (2001). Liberty Northwest seeks review of a Workers' Compensation Board order that held that claimant had timely perfected his aggravation claim. ORS 656.273(3). We review the board's legal findings for errors of law and its findings of fact for substantial evidence. ORS 183.482(7), (8). We hold that the board misinterpreted ORS 656.273(3) and reverse and remand for reconsideration so that the board can determine whether its findings regarding claimant's range of motion demonstrate a worsening of claimant's condition.

█ Liberty Northwest makes one assignment of error, arguing that "[t]he [b]oard erred as a matter of law in ruling that claimant could perfect an aggravation claim without an attending physician's report establishing by written medical evidence supported by objective findings that claimant suffered a worsened right elbow condition since his claim was closed[.]" (Internal quotation marks omitted.)

ORS 656.273(3) provides:

"A claim for aggravation must be in writing in a form and format prescribed by the director and signed by the worker or the worker's representative. *The claim for aggravation must be accompanied by the attending physician's report establishing* by written medical evidence supported by objective findings *that the claimant has suffered a worsened condition* attributable to the compensable injury."

(Emphasis added.)

Claimant suffered a compensable injury to his right elbow in 1992, which was accepted as nondisabling. In September 1994, Liberty Northwest accepted "tenosynovitis right elbow" as a disabling condition. On January 4, 1995, claimant's attending physician, Dr. Greenleaf, sent Liberty Northwest a letter that stated that claimant was seen for a closing examination on December 29, 1994, and that Liberty Northwest could close the claim. Greenleaf also said that "range of motion of his right elbow is from 5-125°. On the left

side, there is 5° of hyperextension and 135° of flexion. Pronation and supination are equal bilaterally at 90°."

On January 31, 1995, a determination order awarded claimant temporary disability and four percent scheduled permanent disability due to loss of use or function of his right arm. The determination order also notified claimant that his aggravation rights would expire on February 6, 1997.

On January 8, 1997, claimant and Greenleaf signed a notice of claim for aggravation, which had a notice to claimant's physician typed on the bottom of the form, which read:

"Physician: Submit this form to [Liberty Northwest] within five days of your receipt, along with your written report of medical evidence supported by objective findings of the worsened condition attributable to the compensable condition."

Greenleaf attached a chart note dated January 8, 1997, that was mailed to Liberty Northwest with the notice of claim for aggravation. The chart note provided, in part, that, "[o]n examination, range of motion is from about 3-135°. Gross motor and sensory exam is intact. Forceful flexion and extension produce tenderness both in the anterior and posterior portions of the elbow. Pronation and supination are full." On February 3, 1997, Liberty Northwest received the documents.

The board made the following additional findings of fact:

"On March 3, 1997, [Liberty Northwest] requested further information from Dr. Greenleaf as to whether claimant's condition had worsened. Dr. Greenleaf responded that claimant had suffered a pathologic worsening of the tenosynovitis involving his right elbow. On April 23, 1997, [Liberty Northwest] accepted claimant's right elbow tenosynovitis as a disabling aggravation claim. In September 1997, Dr. Greenleaf performed a right elbow arthroscopy, debridement and partial synovectomy.

"On March 24, 1998, [Liberty Northwest] issued an updated notice of acceptance at closure, which said that the

accepted aggravation condition was post traumatic osteo-arthritis of the right elbow. A March 26, 1998[,] Notice of Closure awarded temporary disability benefits and 17 percent scheduled permanent disability for loss of use or function of claimant's right arm. On June 15, 1998, claimant was notified that he was eligible for vocational assistance.

"[Liberty Northwest], however, subsequently advised claimant on October 7, 1998[,] that his claim had been processed incorrectly because the attending physician had not perfected an aggravation claim before his aggravation rights expired on February 6, 1997. [Liberty Northwest] said the claim should have been classified as an Own Motion claim.

"On October 12, 1998, [Liberty Northwest] wrote to the Board, recommending Own Motion relief for claimant. The Board issued an Own Motion order finding that reopening of the claim was appropriate. * * * On claimant's request, the Board abated the Own Motion order and postponed action until pending litigation was resolved."

Claimant requested a hearing, challenging the denial of his aggravation claim. The administrative law judge (ALJ) determined that Greenleaf's chart note was insufficient to establish "objective findings" that claimant had suffered a worsened condition attributable to the compensable injury. The ALJ concluded that claimant did not perfect his aggravation claim before his aggravation rights expired on February 6, 1997. The board adopted the ALJ's reasoning and conclusion.

Claimant petitioned for review in this court. *Stapleton*, 175 Or App at 620. We held that "the [b]oard failed to explain why range of motion measurements documented in the physician's report accompanying the aggravation claim did not constitute objective findings" and reversed and remanded for reconsideration. *Id.*

On remand, the board held that claimant's aggravation claim was perfected and timely because Greenleaf's chart note included range of motion measurements constituting objective findings under ORS 656.273(3). The board further reasoned that, "[b]ecause Dr. Greenleaf signed the aggravation claim form that required him to provide written medical evidence of the 'worsened' condition, and because

range of motion findings constitute 'objective findings,'"
Greenleaf's chart note satisfied the requirements in ORS
656.273(3). The board refused to address Liberty Northwest's
argument that the range of motion findings showed an
improvement, not a worsening, of claimant's condition. In
other words, the board did not address whether the range of
motion findings actually showed an improvement. Rather,
the board held that the claim was perfected because it
included "objective findings," which is all that ORS
656.273(3) requires.

Claimant argues that he

"does not have to 'win' his aggravation claim case at the
time that an aggravation claim form with accompanying
chart note is filed. Claimant contends that [an] aggravation
claim form with supporting documents [does] not need to
prove by a preponderance of the evidence that claimant has
experienced a worsening of this condition. It is sufficient if
the filing puts [Liberty Northwest] on notice that claimant
is seeking treatment for a worsened condition and other-
wise meets the statutory requirements of ORS 656.273."

Claimant further argues that "the [b]oard correctly held that
ORS 656.273(3) remains a 'notice' statute, as it has histori-
cally been interpreted to be[.]" Claimant cites *Avalos v.
Bowyer*, 89 Or App 546, 549, 749 P2d 1224 (1988), and
*Krajacic v. Blazing Orchards*, 84 Or App 127, 130, 733 P2d
113, *modified on recons*, 85 Or App 477, 737 P2d 617, *rem'd
for recons on other grounds*, 304 Or 436, 746 P2d 218 (1987),
*aff'd*, 90 Or App 593, 752 P2d 1299, *rev den*, 306 Or 155
(1998), as support for his argument. However, at the time
those cases were decided, ORS 656.273(3) (1987), *amended
by* Or Laws 1995, ch 332, § 31(3), provided that "[a] physi-
cian's report indicating a need for further medical services or
additional compensation is a claim for aggravation." In 1995,
ORS 656.273(3) was amended to require, as it does today,
"objective findings that the claimant has suffered a worsened
condition attributable to the compensable injury." Therefore,
the cases claimant cites are no longer controlling with respect
to their interpretation of ORS 656.273(3).

Furthermore, claimant oversimplifies ORS 656.273.
Although he concedes that a claimant must "otherwise meet

the statutory requirements of ORS 656.273," he does not explain how his claim form and supporting documents met those statutory requirements. Throughout claimant's brief, he contradicts himself, arguing that "a literal reading of ORS 656.273(3) only requires an aggravation claim form accompanied by a report from the attending physician, *which overall establish[es] a worsening of claimant['s] accepted condition, including some objective findings in prima facie support of that worsening.*" (Emphasis added.) At oral argument, claimant conceded that he had contradicted himself in his brief and said his position boiled down to the argument that, even if the objective evidence showed that claimant's condition was *improving,* that evidence would meet the requirements of ORS 656.273(3). Claimant is wrong.

■ We interpret ORS 656.273(3) under the familiar template of *PGE v. Bureau of Labor and Industries,* 317 Or 606, 859 P2d 1143 (1993). Under *PGE,* our "task is to discern the intent of the legislature." *Id.* at 610. At our first level of analysis, we begin with the statutory text, which is the best evidence of legislative intent. We also consider the statutory context, which includes analyzing the text of other relevant statutory provisions. If legislative intent is clear from the statutory text and context, we need not inquire further.

ORS 656.273(3) provides, in part, that "[t]he claim for aggravation must be accompanied by the attending physician's report establishing by written medical evidence *supported by objective findings* that the claimant has suffered *a worsened condition* attributable to the compensable injury." (Emphasis added.) Pursuant to *PGE,* we hold that the plain wording of ORS 656.273(3) provides that the "objective findings" requirement refers to objective findings that, at least as a *prima facie* matter, evince a *worsening.* Because the board did not make a determination as to whether Greenleaf's objective findings evinced a worsening, the board incorrectly interpreted ORS 656.273(3).

Liberty Northwest argues that we should not remand this case to the board because claimant's aggravation claim was not perfected. Liberty Northwest concedes, however, that, "[b]ecause claimant persists in arguing that degrees of extension [in Greenleaf's chart notes] actually

refer to degrees of hyperextension, and because the board declined to rule on that issue, the court may choose to remand again." The dispute about whether the degrees of extension in Greenleaf's chart notes refer to extension or hyperextension continued at oral argument. We remand this case so that the board can determine whether there is *prima facie* evidence of "*a worsened condition* attributable to the compensable injury" under ORS 656.273(3).

■      Claimant makes an alternative argument that "there are other objective findings present in this record besides range-of-motion measurements that support a worsening of claimant's compensable condition. Dr. Greenleaf's chart note * * * indicates that[,] in addition to radiating pain, claimant was experiencing *tenderness* * * *." (Emphasis in original.) This argument, however, was not raised before the board on remand and we will not consider it, for the first time, on judicial review. ORAP 5.45; *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (preservation is important to ensure judicial efficiency and fairness).

Furthermore, the alternative "tenderness" argument does not, as claimant suggested at oral argument, concern an error of law apparent on the face of the record, and we will not address it.

Claimant reasserts his second and third assignments of error that were contained in his initial brief to this court. *Stapleton*, 175 Or App at 624. We decline to consider those arguments because we are remanding this case to the board.

Reversed and remanded.