Douglas POWELL, Petitioner–Appellant,

v.

Sharon BLACKETTER, et al., Superintendent, Respondents–Appellees.

No. 07–35610.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 29, 2008.*

Filed Sept. 11, 2008.

* The panel finds this case suitable for decision without oral argument. *See.* Fed. R.App. P. 34(a)(2).

684

Tonia L. Moro, Federal Public Defender's Office, Medford, OR, for Petitioner–Appellant.

Stacie F. Beckerman, Lester R. Huntsinger, Carolyn Alexander, Esq., U.S., Office of the Oregon Attorney General, Salem, OR, for Respondents–Appellees.

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

The facts and procedural history of this case are familiar to the parties, and we do not repeat them here. Douglas Powell appeals the district court's denial of his habeas corpus petition, arguing that the state procedural rule that no untimely appeal would be permitted in habeas matters was not firmly established when Powell's habeas appeal was denied as untimely. We review *de novo* a district court's denial of a petition for habeas corpus. *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir. 2004).

Federal courts may not grant habeas corpus relief unless the petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1). The petitioner has not fairly presented his federal claim to a state court if the claim is presented in a "procedural context in which its merits will not be considered." *Castille v. Peoples,* 489 U.S. 346, 351–52, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). A state procedural rule must be "clear, consistently applied, and well-established" at the time of the petitioner's default. *Wells v. Maass,* 28 F.3d 1005, 1010 (9th Cir.1994).

It was well-established at the time of Powell's untimely appeal that Oregon law requires a petitioner to appeal from a civil judgment within thirty days. Or.Rev.Stat. § 19.255; *see also* Or.Rev.Stat. § 138.650 (requiring appeals from post-conviction judgments to be filed and served within thirty days of final judgment). Powell has not shown that this rule that the Oregon Court of Appeals relied on was inconsistently applied at the time of his appeal. *Bennett v. Mueller,* 322 F.3d 573, 586 (9th Cir.2003); *see also Far West Landscaping v. Modern Merchandising,* 287 Or. 653, 601 P.2d 1237, 1240 (1979) ("It is our conclusion that in the face of the statute the trial court has no authority to set aside one judgment and enter another For [sic] the sole purpose of extending the time for appeal."); *Young v. Peterson,* 304 Or. 421, 746 P.2d 217, 218 (1987) (en banc) (mem.).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Although the Oregon courts had yet to rule on the deadline in the specific factual context of a late post-conviction habeas appeal due to ineffective assistance of counsel, we do not "require a state court to articulate every permutation of every rule before it can invoke procedural default." *Bargas v. Burns,* 179 F.3d 1207, 1212 (9th Cir.1999).

The judgment of the district court is **AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.