DECISION
Plaintiff appeals Defendant's Notices of Partial Disqualification from Special Assessment as Farmland in a Non-EFU Zone, dated June 29, 2009, imposing additional taxes on the disqualification from special assessment of Plaintiff s property identified as Accounts R04278, R04282, and R04371 (subject property). This matter is before the court on cross-motions for summary judgment filed by the parties.
 I. STATEMENT OF FACTS
There is no dispute of material facts. Plaintiff, Port of Morrow, is an Oregon port organized under the Oregon Revised Statutes and owns public property. (Ptf s Cross Mot for Summ J and Mot in Support of Cross Mot (Ptf s Cross Mot) at 2; Def s Reply on Cross Mot for Summ J and Mot to Strike Evidentiary Attachments to Ptf s Reply (Def s Reply) at 4.) The parties agree that the subject property is located in a nonexclusive farm use zone. (Joint Stip of Facts (Stip Facts) at 2.) The subject property is identified as: (1) the "McKinstry Reklaim Site," 3 acres; and (2) the "Road," 6.69 acres. (Ptf s Cross Mot at 2.)
At some point in time, Plaintiff entered into a long-term farm lease (Lease) with Fredrickson Farming, LLC. (Ptf s Reply on Cross Mot for Summ J, Ex A1-1.) Subsequently, Plaintiff terminated a portion of the Lease identified as the Road and constructed a road. *Page 2 
Defendant stated that it "disqualified and assessed the taxes on the Road, because at the time of disqualification the Road was paved and had undergone a change of use to an industrial use." (Def's Reply at 7.)
Plaintiff also terminated a portion of the Lease identified as the McKinstry Reklaim Site. (Def's Cross Mot for Summ J and Mot in Support of Cross Mot (Def's Mot for Summ J) at 5.) On March, 3, 2009, Plaintiff recorded a Memorandum of Lease between Plaintiff and McKinstry Reklaim, LLC, who uses the property for industrial purposes. (Id.) Defendant concludes that "[t]he Memorandum of Lease is the document that initiated the process for disqualification from special assessment on the "McKinstry Reklaim Site', not the written request, or the termination of lease, or the map as the Plaintiff has suggested as a fact." (Id.)
In a letter dated June 25, 2009, and received by Defendant on June 26, 2009, Plaintiff identified a total of 178.7 acres that were no longer being leased and requested that Defendant remove that acreage from special assessment. (Def's Ans, Ex B at 1.) Defendant reviewed the information and determined that the actual acreage that should be disqualified from special assessment totaled 146.01 acres. (Stip Facts at 2.)
In three notices dated June 29, 2009, Defendant informed Plaintiff it was required to impose additional property taxes with respect to the McKinstry Reklaim Site and the Road because that property was "being put to a higher and better use as part of an industrial site and part of the roadway * * *." (Ptf's Ex 2 at 1, 4, and 7.) Defendant determined that additional property taxes would not be imposed on the remaining 146.01 acres that were part of the lease termination. (Id.)
The parties dispute whether additional property taxes may be imposed even though the subject property, McKinstry Reklaim Site and the Road, was disqualified from *Page 3 
special assessment. Plaintiff alleges that additional property taxes cannot be imposed, relying on ORS 308A.709(5). (Ptf s Compl at 2.) Defendant alleges that it properly imposed additional property taxes on the subject property because, at the time of disqualification, the subject property was no longer leased for farm use. (Def s Mot for Summ J at 13.)
 II. ANALYSIS
The parties agree that the subject property is public property. Public property is described in ORS 307.110(1):[1]
 "Except as provided in ORS 307.120, [2] all real and personal property of this state or any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, * * * shall be subject to assessment and taxation for the assessed or specially assessed value thereof uniformly with real property of nonexempt ownerships."
ORS 307.110(1) creates uniform assessment and taxation of real property of this state that is leased to a person "whose real property, if any, is taxable" along with real property of nonexempt ownership. *Page 4 
ORS 307.110(3) provides exceptions to assessment and taxation if the property is leased or rented for one or more of the listed purposes. One such purpose is an agricultural use. ORS 307.110(3)(b) provides in pertinent part:
 "(3) Nothing contained in this section shall be construed as subjecting to assessment and taxation any publicly owned property described in subsection (1) of this section that is:
 "* * * * *
 "(b) Leased to or rented by persons, other than sublessees or subrenters, for agriculture or grazing purposes and for other than a cash rental or a percentage of the crop."
The legislature intended to exempt from taxation public property leased for agricultural use to an otherwise taxable owner, as long as the property owner did not receive income from rentals or crops. The language in ORS 307.110(3)(b) was added in 1971 by HB 1738, session law chapter 431, section 1. At one time, the subject property was "leased to * * * persons for agriculture or grazing purposes * * *." ORS 307.110(3)(b) The subject property does not meet ORS 307.110(3)(b) because Plaintiff received rental income from the leased agricultural use. The subject property is subject to taxation and assessment.
The subject property is located in a nonexclusive farm use zone. Land located in a nonexclusive farm use zone qualifies for special assessment if it "is being used, and has been used for the preceding two years, exclusively for farm use * * *." ORS 308A.068(1). The parties agree that, at one time, the subject property qualified for special assessment. (Def's Answer at 2.) Nonexclusive farm use zone land that qualifies for special assessment is disqualified from special assessment if the taxpayer notifies the assessor to remove the special assessment or the assessor removes the special assessment upon discovery that the land is no longer in farm use. ORS 308A.116(1)(a), (c). *Page 5 
Disqualification of nonexclusive farm use zone farmland is governed by ORS 308A.116. Subsection (1) of that statute provides in pertinent part:
 "Nonexclusive farm use zone farmland qualified for special assessment under ORS 308A.068 shall be disqualified from special assessment upon:
 "(a) Notification by the taxpayer to the assessor to remove the special assessment;
 "* * * * *
 "(c) Removal of the special assessment by the assessor upon the discovery that the land is no longer in farm use for failure to meet the income requirements of ORS 308A.071 or is no longer in farm use[.]"
Id.
Disqualification from nonexclusive farm zone special assessment occurs upon notification of the taxpayer to the assessor to remove the special assessment. Id. In a letter dated June 25, 2009, and received by Defendant on June 26, 2009, Plaintiff notified Defendant to remove from special assessment land encompassing both the McKinstry Reklaim and Road sites. (Ptf's Ex 2.) Disqualification of both sites occurred upon Plaintiff's notification for removal on June 25, 2009, in accordance with ORS 308A.116(1)(a). Defendant's June 29, 2009, letters indicating its decision to disqualify the parcels from special assessment acknowledges Plaintiff's notification and its subsequent inspection confirmed that the subject property was no longer in farm use. (Id.)
When a property is disqualified from special assessment, ORS 308A.116(7) directs that "additional taxes shall be determined as provided in ORS 308A.700 to 308A.733." ORS 308A.703(2) provides that "an additional tax shall be added to the tax extended against the land on the next assessment and tax roll, to be collected and distributed in the same manner as other ad valorem property tax moneys." ORS 308A.709 contains a list of specific situations in which the additional property taxes that otherwise could be added under ORS 308A.703 may not *Page 6 
be imposed. Plaintiff identifies one applicable subsection, ORS 308A.709(5), that fits the facts of this case. (Ptf's Compl at 2.) ORS 308A.709 provides in pertinent part:
 "Notwithstanding that land may have been disqualified from special assessment, no additional taxes may be imposed under ORS 308A.703 if, as of the date the disqualification is taken into account on the assessment and tax roll, the land is any of the following:
 "* * * * *
 "(5) Public property that was leased or rented to a taxable owner as described in ORS 307.110 at the time of disqualification, and the reason for the disqualification was the termination of the lease under which the land was assessed."
The issue before the court is whether Plaintiff met the statutory requirements of ORS 308A.709(5) to avoid the imposition of additional property taxes. The two parts of ORS 308A.709(5) are joined by the connector "and." First, at the time of disqualification, the public property must have been "leased or rented to a taxable owner as described in ORS 307.110 * * *." ORS 308A.709(5). Second, "the reason for the disqualification must be the termination of the lease under which the land was assessed." Id. The two parts of the statute are separated by a comma, making each part an independent nonrestrictive clause. State v. Webb, 324 Or 380, 386, 927 P2d 79 (1996), citing Norman J. Singer, 2A Sutherland StatutoryConstruction section 47.33, at 270 (5th ed 1992) (footnotes omitted) ("Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma.") Both parts of the statute must be met if the additional property taxes cannot be imposed. If either of the two independent parts of ORS 308A.709(5) is not met, then additional property taxes can be imposed. *Page 7 
1. Public Property Leased or Rented to a Taxable Owner at the Timeof Disqualification
Public property must be leased or rented to a taxable owner at the time of disqualification. ORS 308A.709(5).
a. The Road
There is no evidence that, as of June 25, 2009, the date the Road was disqualified from special assessment, the Road was leased or rented to a taxable owner. The Road does not meet the statutory requirements to avoid the imposition of additional taxes under ORS 308A.709(5).
b. McKinstry Reklaim Site
The parties agree that on or about March 3, 2009, Plaintiff entered into a lease with McKinstry Reklaim LLC. That lease was never terminated and was in effect on June 25, 2009, the date Plaintiff notified Defendant to disqualify the site from special assessment. (Def's Mot for Summ J at 11.) Defendant asserts and Plaintiff does not disagree that the McKinstry Reklaim Site was leased to a taxable owner at the time of disqualification. The first part of ORS 308A.709(5) is met. For the McKinstry Reklaim Site, the analysis continues to the second part of ORS 308A.709(5).
2. Reason for Disqualification
a. McKinstry Reklaim Site
ORS 308A.709(5) also requires that "the reason for the disqualification was the termination of the lease under which the land was assessed." Defendant suggests that post-disqualification use of the property is relevant to the "reason for disqualification." (Def's Mot for Summ J at 11.). That is supported by the fact that Defendant concluded that Plaintiff may *Page 8 
benefit from ORS 308A.709(5) with respect to the remaining 136.32 acres that Plaintiff requested be removed from special assessment. Alternatively, Plaintiff suggests that "ORS 308A.709(5) does not discriminate based on how the public property owner * * * later uses the property; rather, the mere act of termination of [a] lease provides a complete exemption from additional taxes * * *." (Ptf's Cross Mot at 5.) The issue of whether post-disqualification use is considered in determining the reason for disqualification is a matter of statutory interpretation.
In interpreting ORS 308A.709(5), the court looks to the leading case on statutory interpretation for guidance, PGE. v. Bureau of Laborand Industries (PGE), 317 Or 606, 859 P2d 1143 (1993). "In interpreting a statute, the court's task is to discern the intent of the legislature." Id. at 610. The legislative intent is to be determined first from the text and context of the statute.Id. at 611. "In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder "not to insert what has been omitted, or to omit what has been inserted.'" Id., citing ORS 174.010. "[A]fter examining text and context," the court may consider legislative history that "appears useful to the court's analysis." State v. Gaines(Gaines), 346 Or 160, 172, 206 P3d 1042 (2009). Finally, "[i]f the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty."Id. at 172.
There is no statutory definition of the term "reason" found in the text of ORS 308A.709(5). When the legislature does not provide an express definition for a particular term, the court looks to the plain and ordinary meaning of the words. See PGE, 317 Or at 611. *Page 9 Webster's defines "reason" as, "* * * a consideration, motive, or judgment inducing or confirming a belief, influencing the will, or leading to an action or course of action: a rational ground or motive. * * *" Webster's Third New Int'l Dictionary
1891 (unabridged ed 2002). That definition supports a conclusion that "reason," as used in the statute, is the single consideration that leads to a course of action as opposed to a hypothetical or abstract consideration that could have resulted in a course of action. Disqualification of the McKinstry Reklaim Site occurred when Plaintiff notified Defendant of its request to remove the site from special assessment on June 25, 2009. The consideration that caused Plaintiff to request Defendant to remove the 146.01 acres that included the McKinstry Reklaim Site from special assessment was that farm use on the land had ceased upon termination of its Lease with its farm tenant, Fredrickson. Had that portion of the farm lease not been terminated, the entire 146.01 acres would have continued to qualify for special assessment and Plaintiff would not have made the request to remove the special assessment that resulted in disqualification.
Defendant suggests that at the time of disqualification, the "reason" for the disqualification was a change of use to an industrial site, not the termination of a lease. Defendant repeatedly points to Michel v.Jackson Co. Assessor, TC-MD No 070674C (2007) for the proposition that "[i]t is the lack of the required use of the land that triggers disqualification and the imposition of the tax, not the ownership of the property." (Def's Repy at 3.) Defendant is correct to point out that it is the use of the land that triggers the imposition of additional taxes under ORS 308A.703(2). In contrast, ORS 308A.709(5) focuses on the "reason" for disqualification, specifically, the "reason" why there was a lack of required use of the land. In *Page 10 
this case, the reason for the disqualification was the termination of Plaintiff's lease with its farm tenant. A consequence of that reason was a change in use. The language of the statute is limited to the reason, not the consequence.
In addition to the text, context can be considered in interpreting a statute. Context "includes analyzing the text of other relevant statutory provisions." Liberty Northwest Ins. Corp. v.Stapleton, 192 Or App 312, 318, 84 P3d 1116 (2004). The context of ORS 308A.709(5) includes statutes on a similar subject, specifically ORS 308A.110 which addresses circumstances in which additional taxes imposed by ORS 308A.703 are deferred. See PGE,317 Or at 611. Subsection (1) of ORS 308A.706 provides:
 "Notwithstanding that land may have been disqualified from special assessment, the additional taxes described under ORS 308A.703 shall not be imposed and shall remain a potential tax liability if, as of the date the disqualification is taken into account on the assessment and tax roll, the land is any of the following:
 "(a) Disqualified exclusive farm use zone farmland or nonexclusive farm use zone farmland that:
 "(A) Is not being used as farmland; and
 "(B) Is not being used for industrial, commercial, residential or other use that is incompatible with a purpose to return the land to farm use."
ORS 308A.706 (emphasis added).
In ORS 308A.706, the legislature imposed a subsequent use requirement, listing various uses including farm, industrial, commercial, residential or any other use that is not compatible with or allowing for return of the land to farm use. There are no subsequent use requirements in ORS 308A.709(5). See Oregon Business Planning Council v. LCDC,290 Or 741, 749, 626 P2d 350 (1981) (concluding that "[o]rdinarily, when the legislature includes an express *Page 11 
provision in one statute, but omits such a provision in another statute, it may be inferred that such an omission was deliberate."). It is reasonable to conclude that the omission of a subsequent use requirement in ORS 308A.709(5) "was deliberate." (Id.) Further support for this interpretation is found ORS 174.010 which provides that courts may not insert what has been omitted from a statute when ascertaining the meaning of the statutory provision.
In addition to text and context, the court may consider legislative history. Gaines, 346 Or at 171. The legislative history of ORS 308A.709(5) provides no clear indication of an intent to take into account post-disqualification use of property when assessing additional taxes. The statute was enacted in 1999 as part of an effort to reorganize the farm use assessment statutes. All previous exceptions to additional taxes were placed under a new statute, ORS 308A.709. The language of that statute did not appear in any previous farm use statutes. The addition of the language in the subsection was not discussed in the reports of either the Senate Revenue Committee or the House Revenue Committee. In this case, legislative history provides little assistance in interpreting the statute.
Given the text and context of the statute and the lack of legislative history to the contrary, the court concludes that the "reason for the disqualification" looks only to the immediate reason for the lease termination rather than the consequential effect of the termination or post-disqualification use of the land. ORS 308A.709(5). The disqualification of the McKinstry Reklaim Site from special assessment meets the statutory requirements of ORS 308A.709(5) and additional property taxes cannot be imposed. *Page 12 
 III. CONCLUSION
After careful consideration of the stipulated facts and law, the court concludes that the Road portion of the subject property does not meet the statutory requirements of ORS 308A.709(5), specifically the statutory requirement that at the time of disqualification, the public property must have been "leased or rented to a taxable owner as described in ORS 307.110." Because Plaintiff failed to meet the statutory requirements, additional property taxes resulting from the subject property's disqualification from farm special assessment shall be imposed on the Road portion of the subject property.
After careful consideration of the stipulated facts and law, the court concludes that the McKinstry Reklaim Site of the subject property does meet the statutory requirements of ORS 308A.709(5), specifically the statutory requirement that at the time of disqualification, the public property must have been "leased or rented to a taxable owner as described in ORS 307.110, and the reason for the disqualification was the termination of the lease under which the land was assessed." ORS 308A.709(5). Because Plaintiff meets the statutory requirements, additional property taxes resulting from the subject property's disqualification from farm special assessment shall not be imposed on the McKinstry Reklaim Site of the subject property. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Cross Motion for Summary Judgment is granted in part and denied in part; *Page 13 
IT IS FURTHER DECIDED that Defendant's Cross Motion for Summary Judgment is granted in part and denied in part' and
IT IS FURTHER DECIDED that Defendant's Motion to Strike Evidentiary Attachments to Plaintiffs Reply is granted.
Dated this ___ day of ___ 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron February 28, 2011. The Court filed and entered this documenton February 28, 2011.
[1] References to the Oregon Revised Statutes (ORS) are to the 2007 tax year.
[2] There is no evidence the subject property was used as defined in ORS 307.120(1):
 "(a) Leased, subleased, rented or preferentially assigned for the purpose of the berthing of ships, barges or other watercraft (exclusive of property leased, subleased, rented or preferentially assigned primarily for the purpose of the berthing of floating homes, as defined in ORS 830.700), the discharging, loading or handling of cargo therefrom or for storage of such cargo directly incidental to transshipment, or the cleaning or decontaminating of agricultural commodity cargo, to the extent the property does not further alter or process an agricultural commodity;
 "* * * *
 "(c) Used as an airport owned by and serving a municipality or port of less than 300,000 inhabitants as determined by the latest decennial census. Property owned or leased by the municipality, airport district or port that is located within or contiguous to the airport is exempt for taxation under this subsection if the proceeds of the lease, sublease or rental are used by the municipality, airport district or port exclusively for purposes of the maintenance and operation of the airport." *Page 1